CONCURRING OPINION BY
JUDGE McCullough
I concur in the result reached by the Majority. However, I write separately because I disagree with the conclusion that the Arbitrator could interpret “cause” within the collective bargaining agreement (CBA) to mean “just cause.”
I believe it is unnecessary to evaluate this matter under a “just cause” standard when the CBA only contains the term “cause.” If the meaning of “cause” cannot be gleaned from the four corners of the CBA, I believe we simply look to Section 1122(a) of the Public School Code of 1949 (Code),[1] which provides “[t]he only valid causes for termination of a contract ... entered into with a professional employee. ...” 24 P.S. § ll-1122(a).
Moreover, I do not read Pennsylvania Game Commission v. State Civil Service Commission (Toth), 561 Pa. 19, 747 A.2d 887 (2000), as countenancing the disregard of a statutory definition on point. I do not believe that Toth stands for the proposition that an arbitrator may ignore a statutory definition on point, and instead, effectively, insert a non-existent adjective into the CBA. As the Majority notes, while section 1122 of the Code defines “cause” and “prescribes the circumstances under which a school district may terminate a professional employee,” it does not mandate termination for the conduct identified therein. (Op. at 933.) Hence, I agree with the Majority’s conclusion that the Arbitrator had authority to determine that Marla Travis-Curtis did not act intentionally and to mitigate her termination to a 60-day suspension -without pay and order her reinstatement. I also agree that the discipline imposed by the Arbitrator was not, under these circumstances, in violation of public policy.

. Act of March 10, 1949, P.L. 30, as amended, 24 P.S. § 11-1122(a).